IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TYLER TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 4:14-cv-00150 |
| **VBCONVERSIONS LLC,** | Jury Trial Demanded |
| **Defendant.** | |

## COMPLAINT

Plaintiff, Tyler Technologies, Inc. ("Tyler"), by and through its undersigned counsel, brings this complaint for declaratory judgment against Defendant, VBConversions LLC ("VBC"). This Complaint is in response to VBC's threats to sue Tyler for copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA") if Tyler does not pay unreasonable sums of money to VBC. Tyler brings this suit to establish that it has not infringed any valid, enforceable copyrights of VBC, has not violated the DMCA, and is not otherwise liable under the U.S. Copyright Laws.

## THE PARTIES

1. Plaintiff Tyler is a Delaware corporation with its principal place of business at 5101 Tennyson Parkway, Plano, Texas 75024.

2. Upon information and belief, Defendant VBC is a California limited liability company with a place of business at 1880 Century Park East, Suite 615, Los Angeles, California 90067. VBC does business in Texas by selling, distributing, licensing and supporting its software in Texas, including through its interactive website (http://www.vbconversions.com),

**COMPLAINT – PAGE 1**

and by policing the activation and use of its software in Texas, including, but not limited to, sending demand letters to corporations and individuals residing in Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and, 2202, because an actual case or controversy exists between the parties relating to Federal copyright law.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because this Court has personal jurisdiction over Defendant VBC and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

5. Tyler is the largest software company in the nation focused solely on providing integrated software and technology services to the public sector – cities, counties, states, and school districts. Tyler develops, supplies, and supports software products and services uniquely designed to address the specific needs of individuals who serve the public, including police officers, teachers, 911 dispatchers, clerks, judges, prosecutors, appraisers, and school personnel.

6. Upon information and belief, Defendant VBC owns and operates the following interactive website: www.vbconversions.com ("VBC Website").

7. Using the VBC Website, customers throughout the United States, including Texas, can download and purchase preliminary and fully functional versions of VBC's product, a computer software program entitled VB.Net to C# Converter ("Software"). Upon information and belief, the Software can be used to convert the source code of programs written in the Visual Basic programming language into the C# programming language.

8. The VBC Website includes an order form that requires customers wishing to purchase the Software to enter the City, State, and Zip Code of the customer's mailing address. The order form allows customers to select "Texas" as their state of residence, and indicates that immediately following a payment of $199, VBC will e-mail an unlock code directly to the customer, allowing him or her to turn the evaluation version of the software into a fully functional version.

9. The VBC Website also invites customers who experience problems with the Software to contact VBC at the following e-mail address: admin@vbconversions.com.

10. VBC conducts business in this judicial district and elsewhere throughout the State of Texas by selling, distributing and licensing the Software directly to customers, including through the VBC Website.

11. VBC claims that it owns all copyrights relating to the Software, including Copyright Nos. TX 6-285-849, entitled "VB.Net to C# converter 1.x.", TX 6-425-720, entitled "VB.NET to C# converter, version 2.0", and TX 7-608-975, entitled "VB.Net to C# Converter, Version 3.0" (collectively, "Copyrights").

12. Upon information and belief, VBC and its predecessor, David A. Crook d/b/a VBC, has engaged in a pattern dating back to at least 2006 of demanding large sums of money from individuals and entities that have allegedly used the Software without a proper license.

13. Upon information and belief, since 2006, VBC has initiated no fewer than 30 lawsuits alleging copyright infringement, with similarly large demands, and has been sued under the Declaratory Judgment Act at least seven times.

**COMPLAINT – PAGE 3**

14. Upon information and belief, VBC has engaged, and is still engaging, in abusive and/or improper exploitation and enforcement of the Copyrights, conduct that is against public policy and contrary to the purpose and statutory language of the Copyright Act.

15. VBC has threatened Tyler with an expensive lawsuit in a distant jurisdiction unless it receives payment well in excess of any reasonable demand.

16. VBC has threatened infringement penalties that exaggerate or misstate the law, including relying on unsustainable theories of damages that do not comport with copyright law, including the DMCA.

17. VBC has threatened litigation relating to infringement of the Copyrights in order to coerce large sums of money from parties such as Tyler.

18. In a letter dated February 6, 2014 ("Demand Letter") addressed to H. Lynn Moore, Jr., Executive Vice President and General Counsel of Tyler, VBC asserted that it owns a copyright registration for the Software, and that "Tyler, by and through its employee(s), has willfully infringed VBC's rights in the [Software]." Exhibit 1, Demand Letter at 5. The Demand Letter also claimed Tyler violated the DMCA when a Tyler employee used a "stolen or reverse engineered" key to unlock a "capability-limited copy" of the Software. *Id.*

19. VBC's claims are based on the following allegations, each set forth in the Demand Letter:

>    a. The Software is a development tool used to convert Visual Basic programming language (sometimes referred to as "VB.net") into C# programing language. The Software is distributed on the Internet under a "trialware" version, which is "capability-limited" and can be used for free for up to fifteen days. A user who wants to use the Software without

Case 4:14-cv-00150-RAS   Document 1   Filed 03/14/14   Page 5 of 14 PageID #:  5

limitation must register online and pay a license fee.  Upon payment, the user receives a "key" to unlock the full functionality of the Software.  *Id.* at 2.

b. In November 2006, "syed abu fahad" used a trialware version of the Software.  *Id.* at 3–4.

c. In November 2010, "syed abu fahad" tried, unsuccessfully, to "unlock" a trialware version of the software using a key made up of 25 "1's" and 25 "a's."  *Id.*

d. On October 17, 2011, "Syed Muhammad Fahad" installed a copy of the Software, and registered that Software using the email address uknowsana@gmail.com.  *Id.*

e. "Syed Muhammad Fahad" was presented with, and accepted, VBC's End User License Agreement ("EULA").  That EULA purportedly advises the user that (i) a license fee must be paid to use a version of the Software that is not capability limited, and (ii) illicit keys cannot be used to unlock those capability-limited copies.  *Id.*

f. The computer that "Syed Muhammad Fahad" installed and launched the capability-limited copy of the Software was identified as CHI-SFAHAD, and used the IP addresses 70.91.247.49 and 67.176.156.90 (external) and 192.168.11.9 and 10.197.55.24 (internal).  *Id.*

g. After installing the Software, "Syed Muhammad Fahad" unlocked the capability-limited copy using a valid key that had been stolen or reverse engineered.  *Id.*

**COMPLAINT – PAGE 5**

h. On October 19, 2011, "Syed Muhammad Fahad" made the following conversions using the Software: (i) 656,215 lines of Visual Basic code to 840,107 lines of C# code; (ii) 982,329 lines of Visual Basic code to 1,220,007 lines of C# code; and (iii) 955,280 lines of Visual Basic code to 1,186,029 lines of C# code.  *Id.*

i. VBC documented the converted files using a tracking system that deploys with the Software.  The files are listed in Exhibit C of the Demand Letter.  *Id.*

j. The tracking system also identified all email addresses associated with "Syed Muhammad Fahad's" use of the Software.  One of those email addresses was Syed.Fahad6@tylertech.com.  *Id.*

20. Based on the above allegations, the Demand Letter claimed that VBC "is entitled to *at least* a statutory damage award of $150,000.00." *Id.* at 5.  Because VBC alleged that Tyler willfully infringed, the Demand Letter also claimed that VBC would be entitled to "separate statutory damages in an amount of up to $2,500.00 per use of the pre-hacked copy of the [Software] to circumvent the technological means put in place to protect the [Software]." *Id.*

21. VBC "nonetheless" offered to "resolve this matter for $135,000." *Id.*

22. The Demand Letter demanded a response within ten days. *Id.* at 6.

23. Counsel for Tyler responded to the Demand Letter on February 13, 2014, advising VBC that Tyler had no knowledge of the activities alleged in the Demand Letter and that Tyler was undertaking a full investigation of VBC's claims.  Exhibit 2, February 13, 2014, response.

24. That same day, VBC responded, demanding a response by February 28, 2014. Exhibit 3, February 13, 2014, e-mail to S. Hakim.

25. On February 27, 2014, counsel for Tyler sent an email to counsel for VBC informing them that Tyler had been diligently conducting an investigation into the allegations, needed additional time to complete its review, and it would provide VBC with a substantive response when the review was completed. Exhibit 4, February 27, 2014, e-mail to J. Hodas. That same day, counsel for VBC responded that: "[i]f we don't make any progress by next week we will have no choice but to file our lawsuit." Exhibit 5, February 27, 2014, e-mail to S. Hakim.

26. The files Tyler allegedly converted using the Software, all identified in Exhibit C to the Demand Letter, relate to a Tyler product known as TEMS.

27. TEMS includes web applications and a windows utility. The web applications are written in VB.net code. The windows utility is written in C# code.

28. Tyler employs one individual named "Syed Abu Fahad" and previously employed another individual named "Syed Muhammad Fahad." It is not known if either of these individuals are the same "Syed Abu Fahad" and "Syed Muhammad Fahad" referenced in VBC's demand letter.

29. "Syed" is an honorific title used in Pakistan and other Muslim countries to identify a male accepted as a descendant of the Islamic prophet Muhammad. Like many titles, "Syed" is commonly appended to given names to comport with Western customs.

30. Syed Abu Fahad began working for Tyler in October 2003. He was hired as a Vice President for Product Development, and worked on TEMS. Effective January 1, 2009, he was transferred to a different division and different product line. He has not worked on TEMS development since that time.

31. Syed Muhammad Fahad began working for Tyler in June 2007. He was hired as a developer for TEMS. He worked exclusively on the design and testing of the windows utility. He resigned from Tyler, effective October 19, 2012.

32. After it received VBC's Demand Letter, Tyler searched approximately 3,000 computers and 1,200 servers. Not a single instance of the Software was uncovered.

33. Tyler has not located a computer labeled "CHI-SFAHAD," and has no record of ever owning any such computer.

34. Tyler does not own the IP addresses 70.91.247.49, 67.176.156.90, 192.168.11.9 or 10.197.55.24.

35. The email address uknowsana@gmail.com is not a Tyler email address.

36. Tyler employees are not permitted to conduct Tyler business using personal email accounts.

37. There is no Tyler record of the email address Syed.Fahad6@tylertech.com.

38. Since at least 2011, Tyler has retained every iteration of its TEMS source code and logged every change to its code using industry standard tools.

39. Since at least 2011, Tyler has "tagged" every source code change in JIRA, providing an explanation for the source code change.

40. Since at least 2011, Tyler has maintained a SharePoint log of every project impacting source code.

41. Since at least 2011, changes to source code made by a developer have been reviewed by a Quality Assurance analyst.

42. There is no record, in any source code tracking tool, log or other Quality Assurance process, of converted C# files for the VB.net files identified in Exhibit C of the Demand Letter.

43. Because converted C# code never entered Tyler's source code stream, it never entered Tyler's builds, Quality Assurance servers, or customer servers.

44. The VB.net files identified in Exhibit C of the Demand Letter have never existed at Tyler in C#.

45. Visual Basic (VB.net) code is still a common programming language, and is extensively used at Tyler to this day.

46. C# is not the "more modern" programming language VBC claims it to be in the Demand Letter.

47. Tyler's employee, Syed Abu Fahad, has never heard of VBC or the Software.

48. Syed Abu Fahad has never used the Software.

49. Syed Abu Fahad has stated that there was and is "no reason" for him or any other TEMS developer to have used the Software for or on behalf of Tyler.

50. Tyler took all reasonable steps to contact Syed Muhammad Fahad, who is no longer a Tyler employee. As of the date of this Complaint, Tyler was not able to contact him.

51. There was no reason for Tyler's former employee, Syed Muhammad Fahad to convert VB.net files – an application he did not work on – into C# for or on behalf of Tyler.

52. Tyler had no reason to ask Syed Muhammad Fahad to convert VB.net files – an application he did not work on – into C# for or on behalf of Tyler.

53. Tyler did not direct Syed Muhammad Fahad, or any other developer, to convert the VB.net files identified in Exhibit C of the Demand Letter into C#.

**COMPLAINT – PAGE 9**

54. If Syed Muhammad Fahad had converted the hundreds of thousands of VB.net code identified in the Demand Letter into C# for or on behalf of Tyler, he would have had to (a) delete 85–90% of the VB.net code base of TEMS, and (b) replace it with the new C# code.

55. If the alleged overhaul of the TEMS source control for or on behalf of Tyler had occurred, it would have been a singularly disruptive event for the TEMS web application developers, whose prior work had been entirely in VB.net.  There would have been major internal chaos, including extensive email communication, a significant regression in existing features, and multiple red flags in Quality Assurance.  There is not a single piece of evidence of any such disruption and/or chaos.

56. Both Syed Abu Fahad and Syed Muhammad Fahad signed Tyler's then-current End-User Computer/Technology Policy.  Tyler's current End-User Computer/Technology Policy instructs employees to "respect all copyrighted, personal or proprietary information belonging to others."  Using Tyler hardware or networks to gain unauthorized access to any system or data may result in "immediate dismissal."  Employees are not allowed to add software to their computers without first checking with IT staff, and are advised that Tyler's policy is to "adhere strictly to the letter and spirit of copyright laws and regulations."

57. Tyler's investigation into VBC's use of a tracking system illicitly is ongoing.  Tyler reserves the right to amend this Complaint to assert claims against VBC relating to that spyware.

58. Tyler's investigation into the validity and enforceability of VBC's alleged copyright is ongoing.  Tyler reserves the right to amend this Complaint to assert claims against VBC relating to the validity and enforceability of VBC's alleged copyrights.

59. Tyler and VBC have adverse legal interests, and VBC has created a real and immediate threat of injury to Tyler.

60. Accordingly, a justiciable controversy exists between Tyler and VBC.

## COUNT I

### REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ANY COPYRIGHT OF VBCONVERSIONS RELATING TO THE SOFTWARE

61. Tyler alleges and incorporates by reference each of the preceding paragraphs of this Complaint.

62. Tyler has never used, and is not using, any unauthorized copy of VBC's Software.

63. Tyler has not profited from any unauthorized use of the Software.

64. Tyler has not directly or indirectly infringed any valid, enforceable copyright of VBC relating to the Software, including the Copyrights.

65. Tyler is not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VBC relating to the Software, including the Copyrights.

66. Tyler has not acted willfully in violation of any provision of the U.S. Copyright laws.

67. Accordingly, pursuant to 28 U.S.C. § 2201, Tyler seeks and is entitled to a judgment declaring that Tyler has not directly or indirectly infringed any valid, enforceable copyright of VBC relating to the Software, including the Copyrights, and that Tyler is not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VBC relating to the Software, including the Copyrights.

## COUNT II

### REQUEST FOR DECLARATORY JUDGMENT OF NON-VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

68.     Tyler alleges and incorporates by reference each of the preceding paragraphs of this Complaint.

69.     Tyler has not circumvented any technological measure that effectively controls access to any copyrighted work of VBC relating to the Software, including the Copyrights, and has not violated the DMCA, including 17 U.S.C. § 1201(a).

70.     Tyler is not directly, contributorily or vicariously liable for any violation of the DMCA, including 17 U.S.C. § 1201(a), for any action relating to the Software or the Copyrights.

71.     Tyler has not acted willfully in violation of any provision of the U.S. Copyright laws.

72.     Accordingly, pursuant to 28 U.S.C. § 2201, Tyler seeks a judgment of this Court declaring that Tyler has not circumvented any technological measure that effectively controls access to any copyrighted work of VBC relating to the Software, including the Copyrights, has not violated the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a), and is not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act relating to the Software or the Copyrights, including 17 U.S.C. § 1201(a).

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Tyler requests a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Tyler respectfully requests a judgment against VBC as follows:

A.	Declare that Tyler has not directly or indirectly infringed any valid, enforceable copyright of VBC relating to the Software, including the Copyrights;

B.	Declare that Tyler is not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VBC relating to the Software, including the Copyrights;

C.	Declare that Tyler has not circumvented any technological measure that effectively controls access to any copyrighted work of VBC relating to the Software, including the Copyrights, and has not violated the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a), for any action relating to the Software or the Copyrights;

D.	Declare that Tyler is not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a), for any action relating to the Software or the Copyrights;

E.	Declare that Tyler has not acted willfully in violation of any provision of the U.S. Copyright laws for any action relating to the Software or the Copyrights;

F.	Enter judgment awarding Tyler its costs and reasonable attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203; and

G.	Award Tyler such additional relief as the Court deems just and proper.

Dated: March 14, 2014                      Respectfully submitted,

/s/ *John F. Sullivan*
John F. Sullivan, *Lead Attorney*
  Texas State Bar No. 19485010
  john.sullivan@klgates.com
**K&L Gates LLP**
1000 Main St.
Suite 2550
Houston, Texas 77002
713.815.7330
713.815.7301 *Facsimile*

Craig W. Budner
  Texas State Bar No.03313730
  craig.budner@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

**ATTORNEYS FOR PLAINTIFF
TYLER TECHNOLOGIES, INC.**