IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>VBCONVERSIONS LLC,<br><br>   Defendant. | Civil Action No. 4:14-cv-00150 |

**PLAINTIFF TYLER TECHNOLOGIES, INC.'S MOTION TO STRIKE CERTAIN PORTIONS OF MR. DAVID A. CROOK'S AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Plaintiff Tyler Technologies, Inc. ("Tyler") respectfully moves to strike certain portions of Mr. David A. Crook's Affidavit in Support of Defendant's Motion to Dismiss or Transfer (Dkt. 6-1), and would respectfully show the court as follows:

1.   On May 13, 2014, Defendant VBConversions LLC ("VBC") filed a Motion to Dismiss (Rather than Exercise Discretionary Jurisdiction Under 28 U.S.C. § 2201), or in the Alternative, to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion").  In support of the Motion, VBC contemporaneously filed and served the affidavit of David A. Crook.  Dkt. 6-1.

2.   Mr. Crook's affidavit impermissibly relies upon evidence that is speculative, not based on personal knowledge, and/or otherwise lacks foundation.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  FED. R. CIV. P. 602.

3.   Specifically, Mr. Crook's affidavit failed to adduce evidence sufficient to find that he has personal knowledge that "*a user employed by Tyler*, (believed to be named 'Sayed [sic] Muhammad Fahad') installed and launched the capability-limited copy of the Copyrighted

Software *on a computer operating on Tyler's network*." *See* Affidavit, ¶ 10 (emphasis added); *cf.* Tyler's Resp., pp. 5–8.[1]

4.  Additionally, Mr. Crook's affidavit failed to adduce evidence sufficient to find that he has personal knowledge that "[a]fter accepting the EULA the user—*Tyler's apparent employee*—proceeded to register the program as though a valid license had been purchased from VBC[.]" *See* Affidavit, ¶ 11 (emphasis added); *cf.* Tyler's Resp., pp. 13–15.

5.  Mr. Crook has no personal knowledge regarding "the user's" employment, nor does Mr. Crook have personal knowledge regarding whether "the user" operated a computer on Tyler's network. Mr. Crook only knows that the user submitted a "uknowsana@gmail.com" e-mail address when s/he downloaded the program (which in itself is hearsay evidence that lacks sufficient foundation to overcome an objection). Any remaining information regarding the user (for example, additional e-mail addresses, ISP connection addresses, and names of the supposedly converted files) was purportedly taken from the user's computer through the use of a spyware program – again, hearsay evidence. None of the information extracted from the user's computer provides sufficient foundation for asserting that the user is or was "Tyler's employee" or that the user was operating a computer on "Tyler's network."

6.  Mr. Crook all but concedes that he has no knowledge of the user's employment when he refers to the user as Tyler's "apparent" employee. In any event, Mr. Crook's testimony cannot be accepted as the link between the alleged "acceptance" of the EULA and Tyler. *See, e.g.*, Tyler's Resp., pp. 13–15.

7.  Because Mr. Crook lacked personal knowledge sufficient to testify regarding the user's employment history or computer network, Tyler respectfully requests that the quoted

---

[1] All citations to Tyler's Response refer to Plaintiff Tyler Technologies, Inc.'s Response to Defendant's motion to Dismiss or Transfer (Dkt. 9).

testimony from paragraphs 10 and 11 of Mr. Crook's affidavit be stricken, and the evidence not be considered in support of VBC's Motion.

Dated: June 6, 2014 						Respectfully submitted,

/s/ *John F. Sullivan*
John F. Sullivan, *Lead Attorney*
   Texas State Bar No. 19485010
   john.sullivan@klgates.com
 **K&L Gates LLP**
1000 Main St.
Suite 2550
Houston, Texas 77002
713.815.7330
713.815.7301 *Facsimile*

Craig W. Budner
   Texas State Bar No.03313730
   craig.budner@klgates.com
Jennifer Klein Ayers
   Texas State Bar No. 24069322
   jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

**ATTORNEYS FOR PLAINTIFF
TYLER TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, I certify that counsel for Plaintiff Tyler Technologies, Inc., Jennifer Klein Ayers, conferred with counsel for Defendant VBConversions LLC, Russell W. Heald, regarding the relief requested in this Motion on June 6, 2014.  Defendant opposes the Motion.

*/s/ John F. Sullivan*
John F. Sullivan

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, I certify that all counsel of record who have appeared in this action have received an electronic copy of this Motion via the Court's ECF/CM system on June 6, 2014.

*/s/ John F. Sullivan*
John F. Sullivan

CERTAIN PORTIONS OF MR. DAVID A. CROOK'S AFFIDAVIT IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR TRANSFER – PAGE 4**