IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VBCONVERSIONS LLC, <br><br> Defendant. | Civil Action No. 4:14-cv-00150 |

PLAINTIFF TYLER TECHNOLOGIES, INC.'S SUR-REPLY TO
DEFENDANT'S MOTION TO DISMISS OR TRANSFER

**I.  INTRODUCTION.**

VBC is trying to manipulate venue in this action through (1) the use of a forum selection clause that Tyler never executed; and (2) the filing of a "co-pending" litigation VBC never intended to prosecute. Its Reply makes clear that the only way to succeed in that manipulation is to ignore the facts and pay only passing attention to the law. This litigation should remain in Texas. Accordingly, Tyler respectfully requests that the Court deny VBC's Motion to Dismiss and/or to Transfer.

**II.  ARGUMENT & AUTHORITIES.**

    **A.  Tyler's Decision to File A Declaratory Judgment Action Is Not Evidence of An Impermissible "Anticipatory" Filing.**

After accusing Tyler of a response "replete" with "entirely-irrelevant statements," Reply, p. 1, VBC spends four pages of a five-page brief disputing those supposedly "irrelevant statements." Tyler's Response confronted the position that dominated VBC's Motion: that Tyler's Declaratory Judgment Action was an improper "anticipatory" filing. Here again, though, VBC is trying to manipulate, this time with a label.

A declaratory judgment action, by its very nature, requires a "real and immediate" controversy. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Tyler's Response explained the results of the investigation it undertook in response to VBC's demand letter, and the context of VBC's litigation history. *See* Resp., pp. 2–8. Because the investigation proved the baselessness of VBC's allegations and the context proved that VBC would continue to harass Tyler for a nuisance settlement under the threat of litigation, *see id.*, Tyler exercised its rights under the Declaratory Judgment Act and filed the action currently before the Court. There is nothing "duplicitous" about that behavior. *Compare* Reply, p. 1, *with Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003) ("Federal declaratory judgment suits are routinely filed in anticipation of other litigation.").

      **B.**    **VBC Has No Reply to Tyler's Argument That The EULA's "Forum Selection Clause" Does Not Apply to Tyler.**

Tyler ***never signed, executed, or agreed to the EULA***. Ex. A, McIntosh Decl., ¶ 31–32;[1] *see also* Dkt. 6-1, Crook Decl. ¶¶ 10–11 (testifying only as to "uknowsana@gmail.com's" execution of the EULA). VBC itself concedes that the EULA was only "apparently" executed. Reply, p. 4. VBC is therefore forced to preserve this prong of its argument only by misrepresenting Tyler as having somehow "acknowledged" that the "apparent" execution was done by a Tyler employee. *See* Reply, p. 4. Not only did Tyler never make any such acknowledgement, Tyler's Response noted that (1) there is no evidence <u>anyone</u> ever executed the EULA that VBC has submitted; and (2) if anyone did, VBC's Mr. Crook has identified that person as an email user with an account named "uknowsana@gmail.com." *See* Resp., pp. 5, 13–15.

---

[1]     Unless otherwise stated, all exhibit references refer to the exhibits submitted in support of Tyler's Response.

**PLAINTIFF TYLER TECHNOLOGIES, INC.'S SUR-REPLY TO**
<u>**DEFENDANT'S MOTION TO DISMISS OR TRANSFER – PAGE 2**</u>

Furthermore, even assuming the "uknowsana@gmail.com" account user that VBC identified was also a former Tyler employee, see Resp., pp. 3–6, VBC has still not identified any legal precedent that would support holding Tyler responsible for the agreements its employees may or may not have executed on their own time, using their personal e-mail accounts, on their own computers, over a personal Internet connection. *See* Ex. A, McIntosh Decl., ¶ 28–32; Ex. B, Bieri Decl., ¶ 6–13.  Simply put, applying the EULA's forum selection clause to Tyler contradicts recognized contract and agency principals, and would lead to results even VBC would not endorse – every employer in the country would be bound by the click-wrap agreements their employees execute at home.

Because VBC failed to set forth any evidence or authority to support the application of the EULA, applicable law required it to prove that (1) jurisdiction is available in the transferee district, and (2) the public and private interest factors support transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  It did not.  In fact, in the face of Tyler's recitation for why this District is the more convenient forum, *see* Resp., pp. 2, 12–13, VBC dedicates no more than a footnote arguing that the litigation should proceed in California for the sole reason that California is "the district where [VBC's] attorneys are located." Reply, p.3, n. 1.  VBC's Motion to Transfer must be denied.

        C.      **VBC's Conduct Warrants The Court's Exercise of Jurisdiction Under The *Trejo* Factors.**

Tyler filed the subject Declaratory Judgment Action on a Friday in March.  The following Wednesday, VBC filed its complaint in a California district court.  Months passed without VBC even attempting to serve Tyler with a copy of the complaint and summons.  Tyler filed its Response to VBC's Motion to Dismiss on a Friday in June.  The following ***business day***, and eighty-one days after originally filing suit, VBC finally served Tyler in the California action.

*See* Dkt. 10, Proof of Service, *VBConversions LLC v. Tyler Technologies, Inc.*, Civ. A. No. 2:14-cv-02072-R-VBK (C.D. Cal.).  Where three months had passed without such service of process, VBC only followed through after Tyler's Response noted that Tyler had yet to be served, and that the existence of the California action did not warrant dismissal of Tyler's Declaratory Judgment Action.  Resp., p. 8.

VBC's desire to move this litigation to the Central District of California is nothing more than a litigation tactic designed to increase the cost of litigation in order to extract a higher cost-of-defense settlement.  Far from the routine allegations that typify most copyright infringement allegations, VBC's Motion and Reply make it clear that it seeks to hold Tyler responsible for the actions of an individual (1) operating a gmail account that Tyler does not own, and has no record of ever owning, (2) using a computer that Tyler does not own, and has no record of ever owning, (3) over an Internet connection that Tyler does not own, and has no record of ever owning.  Ex. B, Bieri Decl., ¶¶ 8–11.  VBC is not the "true plaintiff" in this litigation, and California is not the proper forum.

Fifth Circuit precedent is clear that *Trejo* factors support dismissal only in a *narrow* category of declaratory judgment lawsuits.  *See Poly-America, L.P. v. Stego Industries, L.L.C.*, 694 F. Supp. 2d 600, 605 (N.D. Tex. 2010); *see also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003).  This is not that category.  *See* Resp., pp. 9-13.  The Court should deny VBC's Motion to Dismiss and exercise its discretion to decide Tyler's Declaratory Judgment Action.

### III. CONCLUSION.

For the foregoing reasons, Plaintiff Tyler Technologies, Inc. respectfully requests that the Court deny Defendant VBConversions LLC's Motion to Dismiss and/or Transfer and exercise its discretion to decide Tyler's Declaratory Judgment Action in the Eastern District of Texas.

Dated: June 26, 2014          Respectfully submitted,

/s/ *John F. Sullivan*
John F. Sullivan, *Lead Attorney*
   Texas State Bar No. 19485010
   john.sullivan@klgates.com
**K&L Gates LLP**
1000 Main St.
Suite 2550
Houston, Texas 77002
713.815.7330
713.815.7301 *Facsimile*

Craig W. Budner
   Texas State Bar No.03313730
   craig.budner@klgates.com
Jennifer Klein Ayers
   Texas State Bar No. 24069322
   jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

**ATTORNEYS FOR PLAINTIFF
TYLER TECHNOLOGIES, INC.**

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, I certify that all counsel of record who have appeared in this action have received an electronic copy of this Motion via the Court's ECF/CM system on June 26, 2014.

*/s/ John F. Sullivan*
John F. Sullivan