IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TYLER TECHNOLOGIES, INC. | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Case No. 4:14cv150 |
| | § | |
| VBCONVERSIONS, LLC | § | |
|     Defendant. | § | |

**JOINT CONFERENCE REPORT**

Pursuant to the Court's May 16, 2014, Order to Conduct Rule 26(f) Conference (Dkt. 7) and Federal Rule of Civil Procedure 26(f), Plaintiff Tyler Technologies, Inc. ("Tyler") and Defendant VBConversions, LLC ("VBC") (collectively, "Parties") submit this Joint Conference Report.

1.   **A factual and legal description of the case which also sets forth the elements of each cause of action and each defense.**

This is an action brought under the Declaratory Judgment Act.  On February 6, 2014, Defendant VBC sent a letter to Plaintiff Tyler accusing Tyler of copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.* and the Digital Millennium Copyright Act.  In that demand letter, VBC alleges that it owns all copyrights relating to a computer software program entitled VB.Net to C# Converter ("Software").  VBC's allegations of infringement against Tyler relate to an individual operating the Gmail account uknowsana@gmail.com.

VBC alleges that in October 2011, uknowsana@gmail.com downloaded a trial version of the Software and illegally unlocked the full version of the Software using a valid key that had been stolen or reverse engineered.  VBC also alleges that uknowsana@gmail.com's true name is "Syed Fahad," based on information the user provided to VBC when using the Software.  VBC alleges that at the time "Syed Fahad" illegally accessed the Software, he also used the following

e-mail accounts: fhadsomnia7@live.com, fatima_shamim246@hotmail.com, smfahad047@hotmail.com, and syed.fahad6@tylertech.com.  Finally, VBC alleges that after "Syed Fahad" illegally unlocked the full version of the Software, he used the program to convert, illegally, hundreds of thousands of lines of code that relate to a Tyler product formerly known as the Tyler Education Management System ("TEMS").  VBC alleges that it made this determination because its Software identified the presence of Tyler copyright notices in the source code files that "Syed Fahad" manipulated using VBC's Software.

VBC's allegations against Tyler relate to the syed.fahad6@tylertech.com e-mail address and the presence of Tyler copyright notices in the files "Syed Fahad" manipulated.  Based on this information, VBC alleges that "Syed Fahad" was an employee of Tyler at the time he illegally accessed the Software.  Tyler admits that, at the time of the alleged infringement, it had at least two employees named "Syed Fahad," but otherwise disputes VBC's claims.  Tyler alleges that, after receiving VBC's letter, Tyler conducted an investigation into VBC's claims.  Tyler alleges that it has no record of the e-mail address syed.fahad6@tylertech.com, and there is also no record that such an e-mail address ever existed.  Additionally, Tyler alleges that none of the four IP addresses that uknowsana@gmail.com allegedly used when he downloaded and/or accessed the Software belong to Tyler, and Tyler has no record of ever owning such IP addresses.

Tyler also alleges that it conducted an audit of its entire computer network infrastructure.  It searched 3,000 computers and 1,200 servers and did not find a single instance of the Software on its systems.  Additionally, Tyler alleges that it conducted an audit of the TEMS code, and there is no record that any of the files that unkowsana@gmail.com allegedly illegally converted was ever used in any of Tyler's products.

To succeed on a claim for direct copyright infringement, a party must prove: (1) ownership of the copyrighted material, and (2) copying by the defendant. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999). To succeed on a claim for contributory copyright infringement, a party must prove that the alleged infringer "induces, causes or materially contributes to infringing conduct of another" with knowledge of the infringing activity. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999); *see also Jaso v. Coca Cola Co.*, 537 F. App'x 557, 560 (5th Cir. 2013) (there can be no contributory infringement without direct infringement) (quoting *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004)). Finally, to succeed on a claim for vicarious copyright infringement, a party must prove that the alleged infringer "(1) had a direct financial interest in the infringing activity, and (2) had the right and ability to supervise the infringing party's acts or activity which caused the infringement." *Sefton v. Pathos*, Civ. A. No. 3:00-cv-0314-cv-L, 2002 WL 356518, at *5 (N.D. Tex. Feb. 28, 2002).

In its Declaratory Judgment Complaint, Tyler alleges that it is not directly, contributory, or vicariously liable for any action constituting copyright infringement. First, Tyler alleges that it did not illegally copy or access the Software. Accordingly, it cannot be liable for direct infringement. Second, Tyler alleges that it did not know of uknowsana@gmail.com's allegedly infringing conduct. Accordingly it cannot be liable for contributory infringement. Finally, Tyler alleges that it did not have the right or ability to control unknowsana@gmail.com's conduct, nor did Tyler financially benefit from uknowsana@gmail.com's conduct. Accordingly, it cannot be vicariously liable for the infringement.

Although VBC has not yet answered Tyler's Complaint, it disputes Tyler's claims and contends that it can prove that Tyler is directly, contributorily and/or vicariously liable for

unkowsana@gmail.com's infringing conduct.  VBC moved to dismiss Tyler's Complaint.  Dkt. 6.  Accordingly, it has not yet filed an answer.

2.      **The date the Rule 26(f) conference was held, the names of those persons who were in attendance and the parties they represented.**

The Parties conferred on Tuesday, June 17, 2014.  A list of counsel who conferred on behalf of each party is provided below:

| *For Plaintiff Tyler Technologies, Inc.* | *For Defendant VBConversions, LLC* |
|---|---|
| John F. Sullivan, *Lead Attorney*<br>   Texas State Bar No. 19485010<br>   john.sullivan@klgates.com<br>**K&L Gates LLP**<br>1000 Main St.<br>Suite 2550<br>Houston, Texas 77002<br>713.815.7330<br>713.815.7301 Facsimile<br><br>Jennifer Klein Ayers<br>   Texas State Bar No. 24069322<br>   jennifer.ayers@klgates.com<br>**K&L Gates LLP**<br>1717 Main St.<br>Suite 2800<br>Dallas, TX  75201<br>214.939.5500<br>214.939.5849 *Facsimile* | RUSSELL W. HEALD<br>   Texas State Bar No. 09326700<br>   Russell.Heald@lewisbrisbois.com<br>**Lewis Brisbois Bisgaard & Smith LLP**<br>550 Fannin, Suite 800<br>Beaumont, Texas 77701<br>409/838-6767 (T)     409/838-6950 (F)<br><br>Daniel C. Decarlo<br>   California State Bar No. 160307<br>   Dan.Decarlo@lewisbrisbois.com<br>Joshua S. Hodas<br>   California State Bar No. 250802<br>   josh.hodas@lewisbrisbois.com<br>**Lewis Brisbois Bisgaard & Smith LLP**<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, California 90012<br>Telephone: 213.250.1800<br>Facsimile: 213.250.7900 |

3.      **A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court along with an explanation of the status of those cases.**

Five days after Tyler filed this declaratory judgment action, on March 19, 2014, VBC sued Tyler and ten unidentified John Does in the Central District of California for copyright infringement under federal law and violation of the Digital Millennium Copyright Act ("California Litigation").  The lawsuit is styled: *VBConversions LLC v. Tyler Technologies, Inc.*

*et al.*, Civ. A. No. 2:14-cv-02072-R-VBK (C.D. Cal.).  VBC served Tyler with a copy of the complaint and the summons in the California Litigation on June 9, 2014.

4. **An agreed discovery/case management plan, if agreement can be reached, which will be used by the court to prepare a Scheduling Order.**

The Parties reached agreement on all of the Court's proposed deadlines.  Pursuant to the Order to Conduct Rule 26(f) Conference, the Parties' proposed dates are included in the attached Proposed Scheduling Order (**Exhibit A**).  In addition to the deadlines identified in the Court's Scheduling Order, the parties also agreed to extend the deadline to serve Initial Disclosures until August 29, 2014.  This agreed upon deadline is also reflected in the Parties' Proposed Scheduling Order attached as **Exhibit A**.

With regard to all other discovery related issues, the Parties agreed that the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas shall apply, without modification, to all discovery conducted in the litigation, except that the Parties agree to increase the number of interrogatories permitted under the Federal Rules of Civil Procedure from twenty-five (25) to thirty (30).

5. **A suggested date for the Final Pretrial Conference at which time the trial will be scheduled.**

The Parties propose September 8, 2015 as the Final Pretrial Conference Date.

6. **The expected length of trial.**

The Parties anticipate trial lasting no more than 5 days, including *voir dire*.

7. **Whether the parties jointly agree to trial before a magistrate judge.**

At this time, the Parties do not consent to trial before a magistrate judge.

8. **Whether a jury demand has been made.**

Tyler demanded a trial by jury in its Declaratory Judgment Complaint.

9. **Whether any party requests a scheduling conference with the court.**

At this time, neither Party believes a scheduling conference is necessary.

Date:  July 11, 2014                                    Respectfully submitted,

| *For Plaintiff Tyler Technologies, Inc.* | *For Defendant VBConversions, LLC* |
|---|---|
| */s/ Jennifer Klein Ayers* | */s/ Russell W. Heald* |
| John F. Sullivan, *Lead Attorney*   Texas State Bar No. 19485010   john.sullivan@klgates.com | RUSSELL W. HEALD   Texas State Bar No. 09326700   Russell.Heald@lewisbrisbois.com |
| **K&L Gates LLP** | **Lewis Brisbois Bisgaard & Smith LLP** |
| 1000 Main St. Suite 2550 Houston, Texas 77002 713.815.7330 713.815.7301 Facsimile | 550 Fannin, Suite 800 Beaumont, Texas 77701 409/838-6767 (T)      409/838-6950 (F) |

Jennifer Klein Ayers
   Texas State Bar No. 24069322
   jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, I certify that all counsel of record who have appeared in this action have received an electronic copy of this Motion via the Court's ECF/CM system on July 11, 2014.

                                        */s/ Jennifer Klein Ayers*
                                        Jennifer Klein Ayers